UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRIAN S. NICKEL,

        Plaintiff,              3:14-cv-01744-MC

       v.                              ORDER

MULTNOMAH COUNTY, et al.,

        Defendants.

McShane, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging claims arising out of injuries he sustained during an assault by another inmate on February 1, 2012 while he was in the custody of the Multnomah County Department Corrections.

The Oregon Defendants[1] now move for summary judgment (#43). The Oregon defendants were not named in plaintiff's original complaint pro se complaint. They were added as

---

[1] Jeff Premo, Steven Shelton, Ole Hansen, and Carrie Coffee.

1 - ORDER

defendants in a First Amended Complaint (#31) filed by pro bono counsel.

Plaintiff's First Amended Complaint (#31) alleges claims for deliberate indifference to a serious medical need (First Claim for Relief), cruel and unusual punishment (Second Claim for Relief), and an Oregon Common law claim (Third Claim for Relief).

Plaintiff conceded that the moving defendants are entitled to summary judgment as to the claims alleged in his First Claim for Relief. Response in Opposition (#53) p. 2.

Plaintiff's Second Claim for relief contends that defendants violated his rights under the Eighth Amendment by subjecting him to "prolonged confinement in administrative segregation." Response in Opposition #53) p. 4.

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain," are grossly disproportionate to the severity of the crime for which the inmate was imprisoned, or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976).

In order to establish liability under the Eighth Amendment, a plaintiff must prove two distinct components: 1.) that the plaintiff actually suffered an extreme deprivation or was placed at a substantial risk of suffering a significant

2 - ORDER

injury; and 2) that the defendants acted with a sufficiently culpable state of mind (deliberate indifference). Farmer v. Brennan, 511 U.S. 825 (1994); Wilson v. Sieter, 501 U.S. 294, 298 (1991); LeMaire v. Mass, 12 F.3d 1444, 1451 (9th Cir. 1993); May v. Bladwin, 109 F.3d 557, 565 (9th Cir. 1997).

The Eighth Amendment does not apply to every deprivation or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivation "serious injury inflicted by prison officials acting with a culpable state of mind." Hudson v. McMillian, 503 U.S. 1 (1992).

The Supreme Court decided decades ago that segregation is not, without more, cruel and unusual punishment. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Bell v. Wolfish, 441 U.S. 520, 546-67 (1979); see also Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986).

Moreover, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." In the Ninth Circuit, the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*." Oliver v. Keller, 298 F3d 623, 627 (9th Cir. 2002).

Plaintiff's Second Claim for relief alleges that his

placement in segregation caused "tremendous mental anguish, suffering and pain," First Amended Complaint (#31) ¶ 143, but does not allege that plaintiff suffered any physical injury as a result of his confinement in Administrative Segregation, and therefore fails to state a claim.

Plaintiff (counseled) Response in Opposition does not address the merits of defendants arguments but rather seeks further discovery. Plaintiff argues that he is "entitled to discovery information regarding why he was placed in Administrative Segregation and whether his placement there was retaliation for his repeated demands that he receive adequate medical care for his serious medical condition. Mr. Nickle believes that additional discovery will reveal that his placement in solitary confinement caused more than *de minimis* harm and also may have been motivated by a desire to retaliate against plaintiff for his continued efforts to obtain proper medical care." Response in Opposition (#53) p. 4.

As a preliminary matter, plaintiff has not presented an affidavit to continue the summary judgment proceeding as required by Fed. R. Civ. P. 56(d). Generally, "[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

4 - ORDER

Moreover, defendants' possible motivation for plaintiff's assignment to administrative segregation is irrelevant to whether the conditions therein violated the Eighth Amendment. Plaintiff's speculation that his placement in Administrative Segregation "caused more than *de minimis* harm" is also immaterial without some allegation of physical injury.

Plaintiff has not identified any "essential facts" that he could obtain through further discovery that would preclude summary judgment in this case.

Plaintiff's Third Claim for Relief purports to be based on a "Violation of Oregon Common Law Declaratory Judgment Against ODOC." First Amended Complaint (#31) p. 20. However, the precise nature of the claim is not clear. Plaintiff alleges tha the drafted a statement on or about April 13, 2015 that "releases ODOC and all its correctional facilities for any future claims, known or unknown, arising from any future injury to plaintiff (and that) Plaintiff drafted the under duress." (Sic) First Amended Complaint (#31) p. 20.

Defendants argue that plaintiff's Third Claim is barred by the Eleventh Amendment.

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has

5 - ORDER

unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991).

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999). Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Ford Mtor Co. V. Dep't of

Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Plaintiff responds "to the extent that plaintiff's Third Claim for Relief fails to state a claim, this court should allow him leave to amend to allege a claim for declaratory relief under federal law and to name individual defendants." Response (#53) p. 4. Plaintiff "expects that discovery will reveal the name of the corrections officers who required (him) to draft a release waiving future claims as a condition of his release from solitary confinement." *Id.*

Amending to allege his Third Claim under federal law would do nothing to cure plaintiff's Eleventh Amendment immunity problem. Naming individual defendants (assuming they could be identified) would also be unavailing because all individuals named in the First Amended Complaint are named in their official capacities. Amending to allege that the presently unknown individuals acted in their *individual capacities* when they allegedly coerced plaintiff to sign the release might arguably solve the jurisdictional issue.

However the court finds that plaintiff's Third Claim fails to satisfy the basic federal jurisdictional "case or

7 - ORDER

controversy" standing requirement.

Article II, Sec. 2, Clause 1 fo the United States Constitution prohibits federal courts from issuing advisory opinions or hearing cases that are unripe - meaning that the controversy has not arisen. In order to satisfy this requirement, plaintiff must establish that he has suffered a "concrete and particularized injury" and "actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); see also, Hollingsworth v. Perry, 133 S.Ct. 786, 579 U.S. __ (2012); Spokeo v. Robins, 578 U.S. __ (2016).

I find that plaintiff might seek damages from ODOC for "any future injury to plaintiff" is too speculative to constitute concrete and particularized injury for purposes of the case or controversy jurisdictional requirement.

Based on the foregoing, I find that there are no genuine issues of material fact remaining as to plaintiff's claims against the Oregon Defendants and that they are entitled to judgment as a matter of law.

The Oregon Defendants' Motion for Summary Judgment (#43) is allowed.

DATED this 1⎯ day of September, 2016.

_____
Michael McShane
United States District Judge